## Publication of Constitutional Amendments

MARGIOTTI, Attorney General, July 9, 1937—You have requested an opinion from the Department of Justice relative to certain phases of your duties in connection with the publication and the submission to the electors of proposed amendments to the Constitution of this Commonwealth.

You refer to the opinion of the Supreme Court of Pennsylvania, filed June 25, 1937, in the case of Commonwealth v. Lawrence, 326 Pa. 526, which holds that the proposed amendment to article XIV of the Pennsylvania Constitution, permitting the consolidation of the city and county governments of Philadelphia, should be published and submitted to the electors at the municipal elections of 1937, and ask whether you should also publish and submit, at the same time, the other proposed constitutional amendments which have been twice agreed to by the General Assembly.

You also ask whether the proposed constitutional amendments which have been agreed to for the first time by the recently adjourned session of the General Assembly should be published prior to the 1937 municipal elections or withheld until the 1938 general election.

Answering your inquiries in the above order, it is clear that, although the above-mentioned case of Commonwealth v. Lawrence involved but one proposed amendment, the Supreme Court has definitely discarded its so-called "time-lock" interpretation which has for a long time so restricted the operation of article XVIII, sec. 1,

as to prohibit the submission of proposed amendments except at five-year intervals. The Supreme Court, in deciding this case, made the following statement (p. 533):

"The only logical explanation of this manner of drafting Article XVIII is that the electors intended to permit the submission of amendments as frequently as they properly passed through the prescribed steps with the sole prohibition that after an amendment had been once submitted, it or one substantially related could not again be submitted until a period of five years has elapsed."

The above case is certainly a declaration that proposed amendments may be submitted to the electors as often as they have passed through the preliminary steps required for such submission by article XVIII, sec. 1, of the Constitution, subject of course to the constitutional prohibition that amendments dealing with the same or substantially the same subject may not be submitted to the electors oftener than once in five years.

The Act of July 7, 1913, P. L. 693, as last amended by the Act of April 27, 1925, P. L. 311, 25 PS §21, provides in part as follows:

"That, *unless the General Assembly shall prescribe otherwise with respect to any particular proposed amendment or amendments*, the manner and time of submitting to the qualified electors of the State any proposed amendment or amendments to the Constitution for the purpose of ascertaining whether the same shall be approved by a majority of those voting thereon, the said amendment or amendments heretofore, or which may hereafter be proposed, and which have not been submitted to the qualified electors of the State, *shall be submitted to the qualified electors of the State for the purpose aforesaid at the first municipal or general election at which such amendment or amendments may be legally submitted to the electors,* [italics ours] and which election shall occur at least three months after the date upon which such proposed amendment or amendments shall have been agreed to for the second time by a majority of the members elected to each

house of the General Assembly, as provided in article eighteen, section one, of the Constitution."

In view of the decision in the case of Commonwealth v. Lawrence, and in light of the direction expressed in the above statute, we feel that all the proposed constitutional amendments which have been twice agreed to by the General Assembly should be published and submitted to the electors of the State at the forthcoming municipal election, with the exception of such amendments as deal with subjects concerning which an amendment has been submitted within five years, and also with the exception of such amendments with respect to which the General Assembly may have specifically provided otherwise.

You also ask whether the proposed amendments which have been agreed to by the General Assembly but once should be published prior to the forthcoming municipal election or withheld until the general election of 1938. Article XVIII of the Constitution provides that amendments which have been once agreed to by the General Assembly shall "be published three months before the next general election."

This portion of our Constitution was construed by the Supreme Court of Pennsylvania in the case of Commonwealth ex rel. v. Beamish, 309 Pa. 510 (1932). In that case the court made the following statement:

"In view of all the facts and circumstances, we are of opinion that publication once a month for the three months preceding the election is more reasonable and more nearly conforms to the convention's intent, and at the same time provides adequate notice to the public."

Inasmuch as the above-quoted portion of article XVIII, sec. 1, has been interpreted to mean that the publication shall take place during the three months prior to a general election, it is clear that you should withhold publication of the proposed amendments which have been agreed to but once until three months prior to the 1938 general election.

You are advised, therefore, that all the proposed constitutional amendments which have been twice agreed to by the General Assembly should be published and submitted to the electors at the 1937 municipal election, with the exception of such amendments as may deal with a subject concerning which an amendment has been submitted within five years, and with the exception of amendments with respect to which the General Assembly may have specifically provided otherwise.

You are also advised that proposed amendments which have been agreed to by the General Assembly but once should be withheld from publication until prior to the 1938 general election, at which time they should be published once a month during the three months immediately preceding such election.

From Frederic Ray, Harrisburg.